IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:16-cv-0013 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN, USP LEWISBURG, SMU, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

**January 20, 2016**

Steven A. Johnson, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this habeas corpus action pursuant to 28 U.S.C. §2241, setting forth First, Eighth and Fourteenth Amendment claims and seeking a declaratory judgment and injunctive relief. (Doc. 1). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed.

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

As noted above, Johnson attempts to advance First, Eighth and Fourteenth Amendment civil rights claims and seeks declaratory and injunctive relief.  Habeas corpus is not an appropriate remedy.  Consequently, the petition will be dismissed without prejudice to any right Johnson may have to reassert his present claims in a properly filed civil rights complaint.

A separate order will enter.